# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONDEL MOORE**,

      Petitioner,

v.                                                                          Civil Action No. 1:08cv177
                                                                         (Judge Keeley)

**UNITED STATES OF AMERICA,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On May 13, 2008, the *pro se* petitioner filed a "Motion for Clarification or Modification of the Court Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(A) or in the Alternative Any Others (sic) Appropriate Remedy to Invoke This Court (sic) Jurisdiction" in his criminal case in the United States District Court for District of South Carolina. Dckt. 1. In the motion, the petitioner alleges that he received only 17 days of jail credit on his federal sentence for the 298 days served in federal custody.[1] *Id.* Because the petitioner was challenging the calculation and execution of his sentence, the District of South Carolina construed the petitioner's motion as a § 2241 habeas corpus petition and transferred the case to this Court.[2] Dckt. 16.

Upon a preliminary review of the petition, the undersigned determined that summary dismissal was not warranted and directed the respondent to file an answer. Dckt. 21. The respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on February 17, 2009. In the motion, the respondent asserts that it cannot determine the basis for the

---

[1] The petitioner does not identify the time period which makes up the 298 days of federal custody.

[2] The petitioner was incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia.

petitioner's claim for credit. Nonetheless, the respondent argues that the petitioner's sentence has been properly calculated and seeks dismissal of the case.

Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on February 19, 2009, advising the petitioner of his right to file a response to the respondent's motion. Dckt. 33. The petitioner filed his reply on April 30, 2009. Dckt. 38.

In the reply, the petitioner clarifies the time period for which he seeks credit. Specifically, the petitioner asserts that he seeks credit on his federal sentence for the time period between August 15, 2006 (the date his federal sentence was imposed) and October 1, 2007 (the date he was released from state custody).

## II. Factual History and Contentions of the Parties

The petitioner was arrested by South Carolina authorities for a variety of offenses on December 31, 2005, including carrying a weapon, probation violation and misdemeanor possession of marijuana. See Dckt. 32, Ex. 1 at ¶ 3 (hereinafter "Resp't Ex. 1".) The state weapons charge was later dropped in lieu of a federal charge of Felon in Possession of a Firearm.[3] *Id.*

Sometime thereafter, the petitioner was apparently released from state custody because he was arrested by State of South Carolina authorities on February 16, 2006, on a new state charge of Armed Robbery that allegedly occurred on February 14, 2006. *Id.* at ¶ 4. It appears that the petitioner remained in state custody until April 12, 2006, when he was brought to federal court pursuant to a writ of habeas corpus ad prosequendum to answer his federal charges. *Id.* at ¶ 5. The current record does not reflect that the petitioner was returned to state custody until after his federal sentencing on August 15, 2006. *Id.* at ¶ 6. On that date, the petitioner received a forty-one (41)

---

[3] The respondent does not assert when the federal charges were filed.

month sentence for his December 31, 2005 federal charge of being a felon in possession of a firearm. *Id.*

On December 14, 2006, the petitioner was sentenced by the State of South Carolina for his February 14, 2006 offense of Armed Robbery with a deadly weapon. *Id.* at ¶ 8. The petitioner received a three-year term of imprisonment on that charge. *Id.* In addition, the petitioner was granted jail credit back to February 16, 2006, the day of his arrest on those charges. Resp't Ex. 1 at Att. O. According to the South Carolina Offender Management System printout provided by the respondent, that resulted in 298 days of jail credit. *Id.* The petitioner was released from his state sentence on October 1, 2007, and taken into the custody of the United States Marshal Service for service of his federal sentence. Resp't Ex. 1 at ¶ 9.

The respondent asserts that pursuant to the Bureau of Prisons Sentence Computation Manual, and the applicable statutes, the petitioner's sentence has been deemed to commence on October 1, 2007, the date he was taken into custody for service of his federal sentence. *Id.* at ¶ 10. The petitioner has received credit on his federal sentence for time served between December 31, 2005 through January 12, 2006, and from January 31, 2006 through February 3, 2006. *Id.* at ¶ 11.

In the respondent's motion and attachments, the respondent asserts that the basis for the plaintiff's claim of 298 days of jail credit is not determinable. Instead, the respondent surmises that the petitioner must be seeking credit for the time between his arrest on the state charge of armed robbery and the date of his federal sentence, which according to the respondent, is a period of 182 days.[4] Alternatively, the respondent asserts that the petitioner may be seeking credit for the time

---

[4] The petitioner alleged in his administrative remedies that he is entitled to prior custody credit for the time period between February 14, 2006 and August 15, 2006. See Resp't Ex. 2 at Att. A. Thus, the respondent asserts that the petitioner is bound by his claim for relief reflected in his administrative remedies. Unfortunately, the respondent does not cite any authority for the proposition that a § 2241 habeas petitioner

3

between the date of his original arrest on the gun charge, December 31, 2005, and the date of his federal sentencing, August 15, 2006, which is a period of 227 days. However, neither of these time periods is consistent with the petitioner's request for 298 days.

In his reply to the respondent's motion, the petitioner clarifies his claim for relief. Specifically, the petitioner asserts that he is entitled to credit on his federal sentence for time spent in state custody from the date his federal sentence was imposed, August 15, 2006, through October 1, 2007, the date he was released from his state sentence. Dckt. 38 at 7. In support of this claim, the petitioner asserts that "although the State of South Carolina was the first Sovereign to arrest him, the State relinquished any power conferred by the arrest." *Id.* at 3. Moreover, the petitioner asserts that the record shows that the State of South Carolina recognized such relinquishment. *Id.*

Second, the petitioner argues that the BOP is required to honor the concurrent sentence imposed by the state court. *Id.* at 4. In support of this claim, the petitioner asserts that the state and federal governments are equal sovereigns and that the federal sentence does not automatically trump the state sentence. *Id.* Thus, the petitioner asserts that the federal government cannot tell the state how much punishment to exact. *Id.* The petitioner asserts that the BOP is therefore required to give full faith and comity to the sentence of the state court. *Id.*

Third, the petitioner asserts that under 18 U.S.C. § 3583(b) "a defendant serving concurrent State and federal sentence(s) is entitled to pre-Sentence custody credit against his federal sentence for all of (sic) pre-sentence incarceration, [w]hether in federal or state custody, if the state custody resulted from conviction of an offense [t]hat occurred after the commission of the federal offense." *Id*. at 5.

---

is bound by the claims he made in his administrative remedies.

Fourth, the petitioner argues that his plea of guilty in state court was made in part in consideration of his state sentence running concurrent to his federal sentence. *Id.* The petitioner therefore asserts that he should have been remanded to federal custody after the imposition of his state sentence and that federal officials should comply with the clear order of the state court and run his state and federal sentences concurrently. *Id.* at 5-6.

Finally, the petitioner implies that he should also receive pre-sentence credit on his federal sentence for the time spent in federal custody from the date of his arrest, February 16, 2006, up to the date of his federal sentencing, August 15, 2006. *Id.* at 6. Although the petitioner acknowledges that he has already received credit on his state sentence for this time, he argues that he is not precluded by 18 U.S.C. § 3583(b) from receiving double credit for this time. *Id.* (citing Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993)).

### III. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In other words, the BOP has the authority to execute an inmate's sentence and compute jail time. Wilson, *supra*. The calculation of an inmate's sentence includes computing pre-sentence custody credits and determining the date the sentence commences and terminates. *Id.*

Pursuant to 18 U.S.C. § 3585(a) "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives at, the official detention facility at which the sentence is to be served." Moreover, pursuant to 18 U.S.C. § 3585 a defendant can receive prior custody credit only if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

1. Credit for Time Between August 15, 2006 and October 1, 2007

The record in this case shows that the petitioner was arrested by state authorities on February 16, 2006, for charges of Armed Robbery. There is no evidence that the petitioner was ever released on bond or otherwise relinquished from state custody until his release from his state sentence on October 1, 2007. Thus, from February 16, 2006, through October 1, 2007, the petitioner was, and remained, within the primary custody and jurisdiction of the State of South Carolina.

On April 12, 2006, the petitioner was transferred to the custody of the United States Marshal Service to appear in federal court to answer his federal charges. It is undisputed that such transfer

7

was effectuated by a writ of habeas corpus ad prosequendum. It is clearly established that a writ of habeas corpus ad prosequendum does not transfer custody of a defendant from one jurisdiction to another. See United States v. Evans, 159 F.3d 908, 911 (1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). Instead, a writ of habeas corpus ad prosequendum permits one jurisdiction to "borrow" a defendant for purposes of answering charges in the other jurisdiction. *Id.* Therefore, the defendant remains in the primary jurisdiction of the original arresting authority during the time he is "out on writ" and credit for that time is applied to any sentence imposed by that authority. *Id.*

Here, because the petitioner was in the primary custody of the State of South Carolina from February 16, 2006 through October 1, 2007, and there is no evidence that the State of South Carolina ever relinquished that jurisdiction, the petitioner was not "in custody" on his federal charges during that time. Therefore, under § 3585(a), the petitioner's federal sentence did not commence until he was released by state authorities on October 1, 2007, and transferred to federal authorities for service of his federal sentence. In addition, the petitioner was credited on his state sentence for all the time served between February 16, 2006, and October 1, 2007. Thus, on its face, the petitioner's claims have no merit. The BOP has properly computed the petitioner's sentence under § 3585(a) by commencing his federal sentence on October 1, 2007. Additionally, the petitioner has properly been denied pre-sentence custody credit on his federal sentence for the time served between February 16, 2006 and August 15, 2006, because the petitioner received credit for that time on his state sentence.

Moreover, the petitioner's argument regarding the concurrency of his sentences is without merit. The petitioner asserts that the BOP is bound by the state court's order that his state sentence run concurrent to his federal sentence. That is simply untrue. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment run *consecutively*, unless the court orders that the sentences run concurrently. (Emphasis added). In this case, the petitioner's federal Judgment and Commitment

8

Order is silent as to the concurrent or consecutive nature of the sentence. Thus, the BOP has properly construed the petitioner's federal sentence to run consecutive to his state sentence.

The state court's decision to run the state sentence concurrent to the federal sentence is irrelevant. "[A] state court cannot unilaterally impose a concurrent sentence on a federal sentence." Martin v. Lamanna, 2009 WL 690686 *7 (D.S.C. Mar. 16, 2009) (citing United States v. Hayes, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because the federal sentence would not run so long as the defendant remained in state custody"); United States v. Eccleston, 521 f.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction.'") (quoting Bloomgren v. Belaski, 948 f.2d 688, 691 (10th Cir. 1991)). Therefore, "[t]he federal government cannot be compelled by an agreement between the prisoner and the state authorities to grant a concurrent sentence." *Id.* (citing Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); United States v. Miller, 49 F.Supp.2d 489, 494 (E.D.Va. 1999)).

Significantly, when the petitioner raised the issue of retroactive concurrency within the BOP's administrative remedy process, the BOP contacted the petitioner's federal sentencing judge, the Honorable Terry Wooten, United States District Judge for the District of South Carolina, for his input. Resp't Ex. 1 at ¶ 15. In particular, the BOP sent a letter to Judge Wooten explaining the circumstances of the petitioner's multiple arrests and sentencings. *Id.* at Att. M. In addition, the BOP informed Judge Wooten of the petitioner's request for retroactive concurrency. *Id.* Judge Wooten was given the opportunity to advise the BOP as to the Court's position. *Id.* Judge Wooten declined to do so. Resp't Ex. 1 at ¶ 16. Clearly, had Judge Wooten intended for the petitioner's

9

federal and state sentences to run concurrently, he would have offered such information to the BOP when given the opportunity.

2. Credit for Time Between February 16, 2006 and August 15, 2006

This pre-sentence custody time has clearly been credited to the petitioner's state sentence. Thus, the petitioner's is prohibited by § 3585(b) from receiving credit on his federal sentence for this same time. To do so would otherwise constitute an impermissible award of double credit.

The petitioner's reliance on the out-of-jurisdiction case of Kayfez v. Gasele, *supra*, is misplaced. Kayfez involved unique circumstances which the Seventh Circuit determined entitled the petitioner with pre-sentence custody time, despite the prohibition against double credit found in § 3585(b). See Dent v. Zenk, 408 F.Supp.2d 103 (E.D.N.Y. Jan. 5, 2006), *aff'd*, 206 Fed.Appx 98, 2006 (2d Cir. Nov. 27, 2006). Therefore, Kayfez does not stand for the general proposition that whenever a concurrent state sentence is imposed, the prohibition against double credit does not apply. *Id.* In this case, the petitioner alleges no extraordinary circumstances which would override the prohibition against double credit found in § 3585(b) or otherwise entitle him to credit on his federal sentence for the time period in question like the petitioner in Kayfez.

## V. Recommendation

In light of the petitioner's reply and clarification of his claims filed on April 30, 2009, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 31) be **DENIED as moot**.[5] However, for the other reasons stated herein, the undersigned finds that the petitioner's federal sentence has been properly computed and

---

[5] The respondent's motion was filed prior to the petitioner's clarification of his claims and does not address the specific time period in question. Further response is not necessary, however, as the petitioner's clarified claims are clearly due to be denied.

10

recommends that the petitioner's construed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: May 4, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE