IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONDEL MOORE,**

    **Petitioner**

v. // CIVIL ACTION NO. 1:08CV177
                                               (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On June 9, 2009, pro se petitioner, Rondel Moore, ("Moore") filed a "Motion for Clarification or Modification of the Court Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(A) or in the Alternative Any Others [sic] Appropriate Remedy to Invoke This Court [sic] Jurisdiction" alleging that he "only received 17 days jail credit time of [sic] the 298 days that [he] served in federal custody."[1] Because the petition challenged the calculation and execution of his sentence, the District of South Carolina construed the petitioner's motion as a § 2241 habeas corpus petition and transferred the case to this Court.

This Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. On February 17, 2009, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary

---

[1] Petition did not identify the time period in which the 298 day of federal custody occurred.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Judgment. On February 19, 2009, Magistrate Judge Kaull issued a Roseboro notice advising Moore of his right to file a response. On April 30, 2009, Moore filed his response and clarified the time period for which he sought credit.

On May 4, 2009, Magistrate Judge Kaull issued an R&R recommending that this Court deny as moot the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Magistrate Judge Kaull determined that, because Moore received credit for the pre-sentence custody time on his state sentence, § 3585(b) prohibits crediting that same time to his federal sentence.

In the R&R, the Magistrate Judge also specifically warned that failure to object to it would result in the waiver of any appellate rights on this issue. Nevertheless, Moore failed to file any objections.[2] Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 39), **DENIES AS MOOT** the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dkt. no. 31), **DENIES** the petition (dkt. no. 1)

---

[2] Moore's failure to object to the R&R not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. An, 474 U.S. 140, 148-153 (1985); Wells v. Shiner Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

### ORDER ADOPTING REPORT AND RECOMMENDATION

and **DISMISSES** this case **WITH PREJUDICE** and **ORDERS** the case **STRICKEN** from the Court's docket.

The Court directs the Clerk to mail a copy of this Order to the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: June 3, 2009.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE